USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE KENNETH REED,

                          Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

---

1:21-cv-1341 (MKV) (SLC)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Wayne Kenneth Reed brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("Commissioner") that denied his application for Supplemental Security Income Benefits ("SSIB") and Disability Insurance Benefits ("DIB").   [ECF No. 2].   The Commissioner then brought a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [ECF No. 15].

On July 4, 2022, Magistrate Judge Gary R. Jones issued a Report and Recommendation [ECF No. 27], recommending that this Court grant the Commissioner's motion for judgment on the pleadings.   Thereafter, Plaintiff timely filed an objection to the report [ECF No. 30] ("Pl.'s Obj."), and the Commissioner filed a response to the objection [ECF No. 33] ("Comm'r Resp.").

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court reviews a report and recommendation to which no objections are filed for clear error.  *See* Fed. R. Civ. P. 72; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Significantly, the same standard applies where "a party's objections are merely perfunctory

1

responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Barthelemy v. Comm'r of Soc. Sec.*, No. 18-cv-12236, 2020 WL 1528479, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

In the present case, Plaintiff's objections merely "rehash[] . . . the same arguments set forth in the original petition." *Id.* In fact, many of Plaintiff's objections were copied nearly word for word from his opposition to the Commissioner's memorandum in support of the motion filed before the magistrate judge for judgment on the pleadings. *Compare, e.g.*, Pl.'s Obj. at 9 ("[The ALJ] also selectively credited testimony from the vocational expert from hypotheticals that favored a finding of no disability and ignored this later testimony from the same vocational expert that did not comport with this finding."), *with* ECF No. 23 ("Pl.'s Opp."), at 13 (same). Therefore, the Court reviews the Report and Recommendation for clear error only.

The Court has reviewed the Report and Recommendation and finds it to be well reasoned and grounded in fact and law. Plaintiff offered three arguments before Magistrate Judge Jones: (1) the ALJ failed in her duty to develop the record by not appropriately exploring the question of Plaintiff's foot pain and hand numbness; (2) the ALJ "cherry-picked" evidence to support her conclusions regarding Plaintiff's functional limitations; and (3) there is new, material evidence that requires a remand of the case. Pl. Opp. at 12-16. Magistrate Judge Jones, however, properly found that the ALJ satisfied her duty to ensure adequate development of the record, as the ALJ supplemented the extensive record—which contained a number of medical evaluations, opinions and notes—with her own targeted questioning of Plaintiff. R&R at 9-13. Magistrate Judge Jones also correctly concluded that the ALJ did not "cherry-pick" evidence, and that Plaintiff fails to demonstrate otherwise by "reference to conflicting evidence and . . . alternative, more restrictive, reading[s] of the record." R&R at 16. Finally, Magistrate Judge Jones properly found that Plaintiff

failed to demonstrate that remand is required to supplement the record with additional evidence, since the ALJ already possessed a complete medical history.  R&R at 18.  On this last point, it also bears noting that Plaintiff has made no showing of any new evidence, but merely speculates that there is a "potential" for obtaining new evidence if this case is remanded.  Pl.'s Obj. at 13.  That is not a basis for remand.

For the reasons stated herein, Magistrate Judge Jones's Report and Recommendation is ADOPTED in its entirety, and the Commissioner's motion is granted.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:   September 28, 2022**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**